IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

PAUL SALAZAR,

        Plaintiff,

vs.

CITY OF ALBUQUERQUE,
MARTIN CHAVEZ, former Mayor,
RICHARD BERRY, Mayor,
GREG PAYNE, former Transit Dept. Director,

        Defendants.

## COMPLAINT FOR VIOLATION OF STATUTORY, CONTRACTUAL, AND CONSTITUTIONAL RIGHTS,

Plaintiff, Paul Salazar, presents the following Complaint for violation of civil and constitutional rights, seeking declaratory, compensatory, injunctive, and exemplary relief, stating as grounds therefore:

1.    Plaintiff **Paul Salazar** is a resident of Belen, Valencia County, New Mexico, who was employed as a City of Albuquerque Motor Coach Operator (bus driver) until the City terminated his employment on July 9, 2007.

2.    Defendant **Martin Chavez** is the former Mayor of the City of Albuquerque; Mr. Chavez is a New Mexico attorney. Martin Chavez is sued in both his official and individual capacities.

3.    Defendant **Richard Berry** is the present Mayor of the City of Albuquerque; Mayor Berry is sued in both his official and individual capacities.

4. Defendant **Greg Payne** is the former Director of the City's Transit Department; Mr. Payne is a former City Councillor and State Legislator. Greg Payne is sued in his official and individual capacities.

5. The City Charter of the City of Albuquerque expressly prohibits the Mayor from any involvement in personnel matters. Article X of the City Charter establishes a "Merit System" and provides that "(e)xcept to the extent necessary for the administration of the merit system, the Mayor is prohibited from becoming involved in the hiring, promotion, demotion, or discharge of any city employee..."

6. The Court has jurisdiction over federal issues and questions pursuant to 28 U.S.C. § 1331 , including but not limited to matters arising under the United States Constitution and 42 U.S.C. § 1983. The Court also has supplemental jurisdiction over Plaintiff's State law claims.

7. At all times relevant to this lawsuit, the individual Defendants acted both individually and under color of State and City law. This action arises primarily under 42 U.S.C. § 1983.

## FACTUAL BACKGROUND

8. Plaintiff began working as a City bus driver on March 25, 2000; he was continuously employed until February 28, 2007, when the Transit Department placed him on leave with pay pending investigation.

9.   Plaintiff had been accused by his ex-wife of improperly touching their 4-year-old daughter during a court-approved Father's Day weekend visitation in 2001. Mr. Salazar has at all times maintained his innocence.

10.   On October 11, 2006, he pled "no contest" to the charge of attempted touching of his daughter and the Court entered its Judgment and Order of Conditional Discharge, which stated that "without adjudication of guilt" the charges against him would be dismissed "pursuant to this Conditional Discharge."

11.   On February 27, 2007, a State Parole Officer delivered a letter to the Transit Department stating that "your employee, Paul Salazar, is a convicted sex offender and/or is under the supervision of the Probation-Parole Division for a sexual offense. He has been adjudicated guilty of the following crime(s): Attempted Sexual Contact of a Minor."

12.   In fact, the Judgment and Sentence in Mr. Salazar's case was expressly entered "without adjudication of guilt" and the charges against him were subsequently dismissed.

13.   Nonetheless, on July 9, 2007, categorizing him as "a convicted sex offender," the City, Mayor Chavez, and Mr. Payne terminated Plaintiff's employment with the City of Albuquerque.

14.   Plaintiff filed an appeal of his termination, and on June 11, 2008, after a three-day evidentiary hearing, the City Personnel Board ordered the City to reinstate Mr. Salazar with back pay and benefits. The Personnel Board also ordered that the record of Mr. Salazar's purported disciplinary infraction be expunged.

15. Instead of reinstating Plaintiff or paying his back wages, Defendants Greg Payne and Martin Chavez publicly and repeatedly called Mr. Salazar a "sex offender" and a "child molester" and announced that they would refuse to reinstate Mr. Salazar as the City Personnel Board ordered.

16. Mayor Chavez informed the Albuquerque Journal on June 17, 2008, that "he plans to appeal the personnel board's ruling. If he loses, Chavez said, he will take the matter to court. 'This guy is not going to be around kids. Not while I am mayor,' Chavez said. 'This is outrageous. What parent wants their kid on a bus with someone like that?'" Albuquerque Journal, "City Must Rehire Sex Offender Bus Driver," June 18, 2008.

17. Mayor Chavez also appeared on one or more "talk radio" programs where he repeatedly called Plaintiff a "child molester" and a "sex offender." The Mayor viciously and maliciously berated Mr. Salazar and the Personnel Board members who had ordered his reinstatement.

18. At the same time, Transit Department Director Greg Payne joined Mayor Chavez in berating the Personnel Board and attacking Mr. Salazar, calling him unfit to drive a bus that had any children as passengers. According to Payne, "There is no question if he drives a bus he will have contact with children. The public would recoil if we hired someone like this. It's almost as if the crime didn't happen. I don't know how someone could reach this conclusion unless they are in a bubble and detached from reality."

19. As he stated he would, Mayor Chavez ordered the City Legal Department to appeal the Personnel Board's ruling to district court.

-4-

20. On January 7, 2009, Judge Valerie Huling issued a Memorandum Opinion and Order affirming the Personnel Board's decision on due process grounds but sending the case back to the Personnel Board to determine whether the City had just cause to terminate Salazar's employment irrespective of the ... due process violations."

21. On August 12, 2009, the City Personnel Board again held unanimously that the City did not meet its burden of proof to demonstrate that Paul Salazar was fired for just cause and again ordered the City to reinstate Mr. Salazar to his position, pay his back pay, restore his benefits, and expunge his disciplinary record.

22. Despite the absence of any valid grounds for appeal, Mayor Chavez and the City again appealed the Personnel Board's decision to the Second Judicial District Court. Defendants again insisted that Mr. Salazar should not be allowed to drive a bus and have contact with any children, claiming that:

> Had the Transit Department been given the opportunity, it would have presented evidence to show the number of children riding City buses; it would have presented evidence to establish Salazar's interaction with these children. Whether Salazar committed the acts with which he was charged, the City has the obligation to prevent its bus riders from the perception that the City had retained employees with records of having plead no contest to an "attempt to commit criminal sexual (sic) of a minor."

City's Statement of Appellate Issues, Case No. D-202-CV-2009-10465, at p. 9.

23. On January 4, 2010, the City's attorney wrote to Paul Salazar's attorney:

> The City has decided to reinstate Paul Salazar to a position with the City. He will need to pass the pre-employment physical and other tests associated with his return. The City will pay him back wages and any overtime wages he would have earned. The City will dismiss its appeal of the disciplinary action. I will let you know when he is to report to work.

E-mail from Paula Forney to Paul Livingston with copies to Eugene Moser, Bruce Rizzieri, and Mary L. Scott.

24.     On January 28, 2010, City Director of Human Resources Eugene Moser confirmed that "Salazar will be returning as a Motor Coach Operator once he passes the requisite drug screening." The City calculated the owed back wages and produced a spreadsheet showing that as of February 12, 2010, it owed Paul Salazar $114,713.16 in back pay.

25.     Apparently incensed by the decision to reinstate Mr. Salazar and pay his back wages, former Transit Director Greg Payne again contacted the news media and stated:

> I think the personnel board is absolutely crazy to say we need to bring this individual back, put him behind the wheel of a bus and give him $100,000. That's nuts. . . . If Mayor Berry was forced to re-hire him, he should have given him a position where he's not around children.

KOB-TV-4, February 4, 2010.

26.     In the same news report, Albuquerque's Chief Administrative Officer David Campbell is quoted saying that "'by law, based on the personnel board's findings, the city had no choice but to rehire Salazar and pay him any lost wages.' Campbell said, 'We looked to a number of positions where he might be reinstated, but the most appropriate one for him to be reinstated to was the one he did an excellent job at, which was being a bus driver.'"

27.     Plaintiff took the City's pre-employment physical exam and drug test and passed both.

28.     Paul Salazar was ready, able, and happy to return to his job when Mayor Berry reversed his attorney, Human Resources Director, and Chief Administrative Officer's promises to return Paul Salazar to work.

29.     On February 11, 2010, Albuquerque news media reported that:

The city of Albuquerque is challenging the reinstatement of a bus driver who was accused of molesting a child.  In a statement received by The Albuquerque Journal, the Berry administration says it believes it's not in the public's best interest to allow 53-year-old Paul Salazar to drive a city bus. Officials say they could be okay with reinstating Salazar for work with the city, just not as a bus driver.  The city fired Salazar back in 2007 after he didn't tell his boss about the molestation charge. The charge was eventually dropped as part of a no contest plea deal.  He has been re-hired and given $100,000 in back pay after the city said by law, based on a personnel board's findings, they had no choice but to rehire Salazar and pay him lost wages.

30.     Despite City's prior promises and the news report stating that Plaintiff "has been re-hired and given $100,000 in back pay" Paul Salazar has <u>not</u> been re-hired and has <u>not</u> been paid any back pay.  Defendants have done nothing to comply with their promises and obligations to return Mr. Salazar to work, pay his back wages, reinstate his benefits, and expunge his record.

31.     As a result of the acts and omissions of Defendants described herein, Paul Salazar has suffered extreme and irreparable personal and financial harm and damage to

his reputation, humiliation, embarrassment, and public disgrace. In addition Plaintiff is now and will in the future be unable to secure work or continue his career as a bus driver.

---

Based on the factual allegations stated above, Plaintiff states his claims:

## COUNT 1

## VIOLATION OF RIGHT TO PROCEDURAL DUE PROCESS

32. The allegations in the preceding paragraphs are incorporated as if fully set out herein.

33. As a tenured, classified public employee, Plaintiff had a protected property interest in his employment and his employment could not be terminated without just cause.

34. By their acts and omissions described herein, Defendants have denied Mr. Salazar's right to procedural due process by terminating his employment wrongfully and without just cause and by refusing to comply with the orders of the City's own Personnel Board to reinstate Mr. Salazar.

35. The Defendants' disregard and derogation of the City's merit system, including its Personnel Hearing Officer and its Personnel Board and its members, and its appeals to the district court, denied Plaintiff's due process right to a meaningful hearing and the benefit of prevailing on the disciplinary charges against him, demeaned the City's provisions for affording its employees due process of law, and denied and publicly denounced Plaintiff's right to a hearing to clear his name and restore his reputation and integrity.

36. Defendants have violated Mr. Salazar's right to procedural due process and are liable to Mr. Salazar for damages proximately caused by their violation of his right to procedural due process.

## COUNT 2

## VIOLATION OF RIGHT TO SUBSTANTIVE DUE PROCESS

37. The allegations in the preceding paragraphs are incorporated as if fully set out herein.

38. In addition to his property interest in his employment with the City, Paul Salazar had a protected liberty interest in his work and his career as a bus driver.

39. By asserting and reasserting stigmatizing claims of misconduct, immorality, and illegality of a kind that effectively limits or precludes other employment, without any meaningful opportunity for a name-clearing or other hearing, the Defendants have violated and continue to violate Mr. Salazar's right to substantive due process of law.

40. Defendants lack any evidence to support their invidious and untruthful public insistence that if he was driving a bus it would be dangerous for Plaintiff to be near children.

41. Defendants' abuse of power will shock the conscience of the court and meet the Supreme Court's "stigma plus" test for violations of substantive due process rights.

42. Defendants are liable to Paul Salazar for damages proximately caused by their violation of his right to substantive due process.

## COUNT 3

## DEFAMATION PER SE

43. The allegations in the preceding paragraphs are incorporated as if fully set out herein.

44. Defendants Martin Chavez, Richard Berry, and Greg Payne have repeatedly made and disseminated harmful and untrue statements, including but not limited to contentions that Mr. Salazar is and was a "child molester," a "sex offender," and a person who cannot be trusted to be around children, all intending to cause harm and damage to Mr. Salazar.

45. Paul Salazar specifically denies that he is a child molester, a convicted sex offender or a sex offender of any kind, a pedophile, or a person who poses any threat to any child or other person.

46. Defendants' statements on the radio, on television, and in the newspapers were untrue, unprivileged, offensive, and highly damaging.

47. Plaintiff had a fundamental right to privacy which Defendants deliberately breached by knowingly making false public statements about him and the danger and risk to children he purportedly posed..

48. The City Charter's prohibition on mayoral involvement in personnel matters prohibited Mayor Chavez and Mayor Berry from making any statements at all concerning the termination or placement of Paul Salazar.

49. Defendants are liable for their false and defamatory statements and are liable for damages proximately caused by their willful and malicious conduct.

## COUNT 4

### MALICIOUS ABUSE OF PROCESS

50. The allegations in the preceding paragraphs are incorporated as if fully set out herein.

51. The City and the Mayor lack statutory authority to appeal the decision of the City Personnel Board.

52. Defendants have used their "appeals" to the State district court to delay and deny Mr. Salazar's right to substantive and procedural due process and to further defame Mr. Salazar, purposes not intended by the rule and process of administrative appeals.

53. By their acts and omissions described herein, Defendants have engaged in the malicious abuse of process, as set out and defined in the law of New Mexico, and are liable for damages proximately resulting from their conduct.

## COUNT 5

### BREACH OF EMPLOYMENT CONTRACT AND DUTY OF GOOD FAITH AND FAIR DEALING

54. The allegations in the preceding paragraphs are incorporated as if fully set out herein.

55. As a tenured and classified public employee, Plaintiff's employment was governed by an express and implied contract of employment and a duty of good faith and fair dealing that accompanies that contract.

56. Pursuant to his employment contract, Mr. Salazar was entitled to a fair hearing before a Personnel Hearing Officer, and once that hearing had been held and a decision rendered the City was required to comply with the final orders of its Personnel Board.

57. Both Mayor Berry and Mayor Chavez were prohibited by the City Charter from involvement in personnel matters, yet both mayors made invidious statements and comments defaming Paul Salazar, demeaning the effect of the Personnel Board's written decisions, and vowing to continue litigation and appeals.

58. By ignoring or overriding the City Charter, Merit System Ordinance and City Rules and Regulations provisions concerning employee rights and disciplinary actions and arrogating to themselves the ability to do or say whatever they wanted, Defendants breached their obligations to the City, the public, and the City employees.

59. By their acts and omissions described herein, Defendants have violated their duty of good faith and fair dealing.

60. Without just cause or reasonable justification Defendants have repeatedly violated the employment contract, the Merit System Ordinance, and other agreements and promises and Plaintiff is entitled to damages proximately resulting from Defendants' breach of contract, agreements, and promises.

## COUNT 6

## PUNITIVE DAMAGES

61.     The allegations in the preceding paragraphs are incorporated as if fully set out herein.

62.     As more fully described herein, the individual Defendants have acted intentionally, willfully, maliciously, and with utter disregard for the truth and the damage caused by their conduct.

63.     Plaintiff is entitled to an award of punitive and exemplary damages in an amount to be determined by the jury at trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Paul Salazar prays for the following relief:

A.      Compensatory relief for violations of legal, statutory, and constitutional rights in an amount to be determined at trial.

B.      Punitive and exemplary damages for Defendants' willful, intentional, and malicious misconduct in an amount to be determined at trial.

C.      Declaratory, injunctive and equitable relief, including but not limited to reinstatement, name-clearing and expungement of the employment record, back pay, front pay, benefits, and interest.

D.      Attorney's fees and costs of this action and all related appeals and administrative proceedings.

E.      Such other and further relief as the Court deems just.

Respectfully submitted,

*s/ Paul Livingston*

_____
Paul Livingston
Attorney for Mr. Salazar
P.O. Box 250
Placitas, NM 87043
505-771-4000

### REQUEST FOR TRIAL BY JURY

Plaintiff requests trial by jury on all matters suitable for jury determination.

Respectfully submitted,

*s/ Paul Livingston*

_____
Paul Livingston
Attorney for Mr. Salazar
P.O. Box 250
Placitas, NM 87043
505-771-4000