IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PAUL SALAZAR,

       Plaintiff,

vs.                                                                                                                                          No. CIV 10-0645 JB/LFG

CITY OF ALBUQUERQUE;
MARTIN CHAVEZ, former Mayor;
RICHARD BERRY, Mayor; GREG
PAYNE, former Transit Dept. Director,

       Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Motion and Consolidated Memorandum in Support of Motion to Dismiss Plaintiff's Complaint Against Defendant Greg Payne for Insufficient Process and Insufficiency of Service of Process, filed January 3, 2011 (Doc. 16)("Motion to Dismiss"). The Court held a hearing on February 28, 2011. The primary issue is whether the Court should dismiss Plaintiff Paul Salazar's claims against Defendant Greg Payne because Salazar did not serve Payne with the Complaint within 120 days after filing suit. The Court denies the motion to the extent that it requests dismissal of the case against Payne for untimely service and grants it to the same extent that the Court has already dismissed certain claims against Payne in its Memorandum Opinion and Order, filed March 28, 2011 (Doc. 23).

## PROCEDURAL BACKGROUND

Paul Salazar filed this suit on July 8, 2010. See Complaint for Violation of Statutory, Contractual, and Constitutional Rights (Doc. 1). Summons were issued for all Defendants on that date. Before Payne was personally served with the Complaint, however, Salazar filed a First

Amended Complaint without leave of the Court and outside of the time allowed for filing as a matter of course. See First Amended Complaint for Violation of Statutory, Contractual, and Constitutional Rights, filed September 23, 2010 (Doc. 7). On September 30, 2010, Salazar's process server left a copy of the summons and First Amended Complaint at Payne's home after Payne refused to accept them. See Affidavit of Service ¶ 5, at 1, filed January 21, 2011 (Doc. 18). Salazar voluntary withdrew the First Amended Complaint on October 8, 2010. See Notice of Stipulated Withdrawal of First Amended Complaint (Doc. 13). The process server attempted to serve process with the original Complaint at Payne's home approximately thirty times, but he could not get "anyone to come out." Affidavit of Service ¶ 7, at 2 (Doc. 18).

On December 13, 2010, Salazar's process server served in-hand process on Payne. See Affidavit of Service ¶ 16, at 2. Early that Monday morning, Salazar's process server went to Payne's residence, and found the trash bin was down at the curb and the newspaper was in the driveway. See Affidavit of Service ¶ 8, at 2. The process server waited, and at 8:10 a.m. Payne came out to pick up his newspaper, not seeing the process server until he had moved toward his gate so that Payne could not get back in the house without passing him. See Affidavit of Service ¶ 9, at 2. Payne declared: "I'm not signing anything," to which the process server responded: "You don't have to." See Affidavit of Service ¶ 10, at 2. Pointing at the papers, Payne stated: "I fired this guy. He's a scumbag and he deserved to be fired. I fired him. I fired him, okay? He's a scumbag, and I fired him." See Affidavit of Service ¶ 11, at 2. The process server stated: "You don't get anything for hiding from me -- it just makes my job harder," to which Payne replied: "Get a life. So this scumbag needed firing, and I fired him." See Affidavit of Service ¶¶ 12, 13, at 2.

In the meantime, the City of Albuquerque and Defendant Richard Berry had filed a motion to dismiss Plaintiff's entire Complaint against all Defendants. See Motion to Dismiss Plaintiff's

Complaint for Violation of Statutory, Contractual, and Constitutional Rights, filed August 10, 2010 (Doc. 3)("The City of Albuquerque and Berry's Motion to Dismiss").

Pursuant to rules 12(b)(1), 12(b)(4), and 12(b)(5) of the Federal Rules of Civil Procedure, Payne subsequently submitted this separate motion to dismiss Salazar's Complaint for lack of personal jurisdiction, insufficiency of process, and insufficiency of service of process. In addition, Payne incorporates by reference into his motion, pursuant to rule 10(c), The City of Albuquerque and Berry's Motion to Dismiss, the Defendants' Memorandum in Support of Motion to Dismiss Plaintiff's Complaint for Violation of Statutory, Contractual, and Constitutional Rights, filed August 10, 2010 (Doc. 4), Salazar's Response to Defendants' Motion to Dismiss, filed August 11, 2010 (Doc. 6), the Defendants' Reply to Plaintiff's Response to Motion to Dismiss Plaintiff's Complaint for Violation of Statutory, Contractual, and Constituional [sic] Rights, filed September 30, 2010 (Doc. 10), and all exhibits cited therein by reference and contends that the Complaint fails to state a claim against him for the same reasons stated in the City and Berry's Motion to Dismiss. After a hearing on the City of Albuquerque's and Berry's motion, the Court issued a Memorandum Opinion and Order dismissing

> Salazar's common-law tort claims, other than his claims that are based on Defendant Transit Department Director Greg Payne's post-employment comments, because the NMTCA does not waive the Defendants' immunity for defamation and malicious abuse of process. . . . . The Court denies the Defendants City of Albuquerque's and Mayor Richard J. Berry's request to dismiss Salazar's liberty-interest claim, because Salazar has adequately set forth factual allegations showing that the alleged defamatory statements were made in the course of Salazar's termination and because reinstatement does not moot Salazar's claim. Although punitive damages may be available under Salazar's surviving claims, the Court dismisses Salazar's punitive damages Count, because punitive damages are not a stand alone claim.

March 28, 2011 Memorandum Opinion and Order at 2-3.

Payne's motion to dismiss was fully briefed on February 7, 2011. See Defendant's Notice

of Briefing Complete on Defendant's Motion to Dismiss Defendant Greg Payne, filed February 7, 2011 (Doc. 20). The Court heard argument on the motion to dismiss on February 28, 2011. At the hearing, the Court indicated that it could extend the time for service of process "given the difficulties that . . . Salazar has set forth in the service." Transcript of Hearing at 6:4-6 (taken February 28, 2011)("Tr.").[1] The Court asked Payne's counsel, who also represents the other City Defendants, whether, if the Court did not totally dismiss Salazar's Complaint against the Defendants, including Payne, based on the City of Albuquerque's and Berry's Motion to Dismiss, it made sense to dismiss Salazar's claims against Payne solely because of the untimely service. See Tr. at 16:22-25; 17:1-5. Payne counsel responded: "If your intention is to preserve part of this case in this Court then it would make sense to preserve Mr. [Payne]." Tr. at 17:6-8. The Court repeated its understanding of Payne's position to be that Payne had filed the separate motion to dismiss for untimely service of process only because, if the Court dismissed the entire case in response to City's and Berry's motion to dismiss, the Court should dismiss the whole case against Payne for lack of service, but if the Court allowed "part of the case" to proceed, Payne agreed that "it really doesn't make . . . sense" to dismiss Payne for untimely service, and that the Court should "just treat it the same way as [Berry] and the City of Albuquerque's motion." Tr. at 18:18-25. After giving the parties an additional opportunity to respond and make any further objections, the Court concluded that it was "inclined to deny [Payne's] motion . . . at least on the service issue, find that he's in the case, give the extension, and then turn around [and] dismiss it under the same way I'm doing the City and [Berry's] motion." Tr. at 27:14-19.

---

[1] The Court's citations to the transcript of the hearing refer to the court reporter's original, unedited version. Any final transcript may contain slightly different page and/or line numbers.

## LAW REGARDING SERVICE OF PROCESS

Rule 4(m) of the Federal Rules of Civil Procedure requires a summons to be served within 120 days after the complaint is filed.

> If a defendant is not served within 120 days after the complaint is filed, the court -- on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant or order that service be made within a specific time. But, if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).  The burden of establishing validity of service is on the plaintiff.  See F.D.I.C.. v. Oaklawn Apartments, 959 F.2d 170, 174 (10th Cir. 1992).  In 1993, Congress amended former rule 4(m) and "broaden[ed] the district court's discretion [to permit untimely service of process] by allowing it to extend the time for service even when the plaintiff has not shown good cause." Espinoza v. United States, 52 F.3d 838, 840-41 (10th Cir. 1995).

"A district court abuses its discretion [in deciding whether to dismiss a case for untimely service of process] if its decision is arbitrary, capricious, or whimsical."  Smyers v. County of Atchison, Kan., No. 08-3333, 2009 WL 1949125, **1, 336 Fed. App'x 819, 820-21 (10th Cir. Jul 08, 2009).  Further, "[a] district court that does not exercise its discretion, or makes a decision without providing reasons, abuses that discretion."  ARW Exploration Corp. v. Aguirre, 45 F.3d 1455, 1459 (10th Cir. 1995).

Thus, the Court now employs a two-step analysis for determining whether an extension of time should be granted when a summons and complaint has not been timely served.  First, the plaintiff is entitled to a mandatory extension of time if the plaintiff can demonstrate good cause for failing to timely effect service.  See Espinoza v. United States, 52 F.3d at 841.  "The good cause provision of Rule 4[(m)] should be read narrowly to protect only those plaintiffs who have been meticulous in their efforts to comply with the Rule."  Despain v. Salt Lake Area Metro Gang Unit,

13 F.3d 1436, 1438 (10th Cir. 1994)(internal quotation marks omitted). "[I]nadvertence or negligence alone do not constitute 'good cause' for failure of timely service. Mistake of counsel or ignorance of the rules also usually do not suffice." In re Kirkland, 86 F.3d 172, 176 (10th Cir. 1996). But avoiding or evading service of process may constitute "good cause," requiring a mandatory extension of time in which to serve. Hendry v. Schneider, 116 F.3d 446, 449 (10th Cir. 1997).

Second, if the plaintiff fails to show good cause, the court still must exercise its discretion, and either dismiss the case without prejudice or extend the time for service. See Espinoza v. United States, 52 F.3d at 842. In making its determination whether to grant a permissive extension, the Court may consider several factors, including whether the applicable statute of limitations would bar the re-filed action and other policy considerations. See Espinoza v. United States, 52 F.3d at 841-42.

> The new subdivision explicitly provides that the court shall allow additional time if there is good cause for the plaintiff's failure to effect service in the prescribed 120 days, and authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision even if there is no good cause shown. Such relief formerly was afforded in some cases, partly in reliance on Rule 6(b). Relief may be justified, for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service.

Fed. R. Civ. P. 4(m) Advisory Committee's note (1993 Amend.).

## **ANALYSIS**

Payne has waived his objection to insufficient service of process; he was not prejudiced by the untimely service of process; he had attempted to avoid service of process during at least part of the 120-day time period; and the Court will permit an extension of time for service. Further, the Court has already ruled on the City of Albuquerque's and Berry's Motion to Dismiss, and has

concluded that some claims against Payne may go forward and that it will dismiss others.  The Court therefore will not dismiss the entire case against Payne.

## I.     PAYNE HAS WAIVED HIS OBJECTIONS TO UNTIMELY SERVICE.

At the hearing on Payne's motion to dismiss, Payne's counsel agreed that, because the Court indicated it was inclined to deny at least part of the City of Albuquerque's and Berry's Motion to Dismiss all claims against Payne, it did not make sense to dismiss Payne from the case solely because service of the original Complaint was untimely.  The Court has entered an Order denying the City of Albuquerque's and Berry's Motion to Dismiss all claims against Payne.  Payne has therefore effectively waived his objection to the untimely service of process.

## II.    THE COURT WILL PERMIT AN EXTENSION OF TIME IN WHICH TO SERVE PAYNE.

The Court has discretion to retroactively extend the time in which Payne had to be served, even though Salazar never moved for an extension of time in which to serve Payne and even though Payne has already been untimely served.  In Espinoza v. United States, a defendant had similarly been untimely served three months after the 120-day period had passed.  The United States Court of Appeals for the Tenth Circuit remanded the case to the district court for it to exercise its discretion in deciding whether to grant a permissive and retroactive extension of time for service. See 52 F.3d at 840 (noting that the defendant had not been served until a time "well in excess of 120 days after the filing of the [original] Complaint"); id. at 841 (remanding because the district court "did not consider whether Mr. Espinoza should be afforded a permissive extension of time").

Salazar has not shown good cause to support a mandatory extension.  Salazar has failed to show that he attempted to serve Payne with the Complaint but that Payne evaded service of process between July 8, 2010, when the original Complaint was filed, and September 23, 2010, when Salazar

filed the First Amended Complaint. The process server states only that Salazar's counsel gave him the original Complaint to serve in July 2010 but later told him to serve the Amended Complaint after it was filed, and that he then began attempting to serve the Amended Complaint. See Affidavit of Service ¶¶ 2, 4, at 1.

In regard to whether the Court should grant a permissive extension of time in which to serve, the Court finds that Salazar personally served Payne with the original Complaint on December 13, 2010; that Payne had actual notice of Salazar's claims against him within the 120-day service period because the process server left a copy of the First Amended Complaint at Payne's home on September 30, 2010;[2] that Payne was not unfairly prejudiced by the late service of the original Complaint; and that Payne attempted to avoid service at least during part of the 120-day time period after the Complaint was filed. Further, the claims against Payne are intertwined with the claims against the City of Albuquerque and Berry. The Court will grant a permissive extension of time for service to include the date Payne was properly served on December 13, 2010.

**IT IS ORDERED** that the request in the Motion and Consolidated Memorandum in Support of Motion to Dismiss Plaintiff's Complaint Against Defendant Greg Payne for Insufficient Process and Insufficiency of Service of Process (Doc. 16) that the Court should dismiss the claims against Defendant Greg Payne is denied to the extent that it requests dismissal of the case against Payne for untimely service and is granted to the same extent that the Court has already dismissed certain

---

[2] The parties agreed that the Court should consider service of the First Amended Complaint on Payne only as a background fact for determining whether it should grant a permissive extension of time regarding service of the original Complaint. See Tr. at 6:19-25 (confirming that Salazar was not relying on the September 30, 2010 service of the First Amended Complaint for actual service but had submitted the facts of that service as "background to show how difficult it was to get him served").

claims against Payne in its Memorandum Opinion and Order, March 28, 2011 (Doc. 23).

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Paul Livingston
Placitas, New Mexico

    *Attorney for the Plaintiff*

Robert J. Perry
  City Attorney
Peter H. Pierotti
 Michael I. Garcia
  Assistant City Attorneys
City of Albuquerque
Albuquerque, New Mexico

    *Attorneys for the Defendants*